### In re GUILBERT.

(District Court, E. D. Pennsylvania. June 11, 1907.)

#### No. 2,489.

1. BANKRUPTCY—OBJECTIONS TO DISCHARGE—PROSECUTION IN FORMA PAUPERIS.

A creditor who objects to the discharge of a bankrupt may prosecute his objections in forma pauperis by virtue of Act July 20, 1892, c. 209, 27 Stat. 252 [U. S. Comp. St. 1901, p. 706], which gives any citizen entitled to commence "any suit or action in any court of the United States" such right on making the required showing.

2. SAME—ADOPTING OBJECTIONS OF ANOTHER CREDITOR.

One creditor of a bankrupt may adopt and prosecute the objections filed by another to the bankrupt's discharge when the latter has declared his intention to abandon the same.

In Bankruptcy. On report of special referee and various petitions.

Francis S. Cantrell, Jr., for bankrupt.
Joseph Singer, for objecting creditor.

J. B. McPHERSON, District Judge. I shall not attempt to set this disorderly record straight. From the time when exceptions were filed to the bankrupt's petition for discharge, the proceeding has been so at variance with correct practice as to hinder and confuse the court rather than to assist it. The directest method in my power to establish a new starting point is to disregard the precise situation presented by the record, and to make an order on the merits as they may perhaps be substantially disclosed.

Essentially the questions for decision are two: First, may a creditor, who objects to the discharge of a bankrupt, prosecute his objections in forma pauperis by virtue of Act July 20, 1892, 2 Supp. Rev. St. 41, c. 209, 27 Stat. 252 [U. S. Comp. St. 1901, p. 706], and in accordance with its provisions? This question, I think, should be answered in the affirmative. The first section of the statute is as follows:

"That any citizen of the United States, entitled to commence any suit or action in any court of the United States, may commence and prosecute to conclusion any such suit or action without being required to prepay fees or costs, or give security therefor before or after bringing suit or action, upon

filing in said court a statement under oath, in writing, that, because of his poverty, he is unable to pay the costs of said suit or action, which he is about to commence, or to give security for the same, and that he believes he is entitled to the redress he seeks by suit or action, and setting forth briefly the nature of his alleged cause of action."

As it seems to me, the phrase "any suit or action in any court of the United States" is inclusive enough to embrace the proceeding under consideration. Objections to a bankrupt's discharge are the beginning of a distinct and separate dispute (Collier on Bankruptcy [6th Ed.] p. 182 et seq.), and easily fall within any accepted definition of a "suit" or an "action." Words and Phrases, ad verba. The petition of A. B. Guilbert, an objecting creditor, to be allowed to prosecute his objections to the bankrupt's discharge in forma pauperis, is in due form and was seasonably presented. It should have been allowed by the referee.

The second question is, whether one creditor may adopt and prosecute the objections of another, after the latter has declared his unwillingness to go on and his intention to abandon the litigation? This question was decided in favor of the creditor's right in a case that arose under the act of 1867, but the reasoning is equally applicable now. In deciding the point, Judge Lowell said (Re Houghton, Fed. Cas. No. 6,730, 2 Lowell, 328, 10 N. B. R. 337):

"I am further of opinion that there may often be good cause to permit a creditor to take up the opposition which another is about to relinquish. The practical consideration in this connection is that a creditor intending to oppose the discharge may find that this duty has been assumed by another creditor; he examines the specifications, and considers them sufficient; perhaps he consults with that creditor, and finds him determined to prosecute the case. Suddenly he finds that opposition is to be waived. This is the history of many cases. Opposition is very often withdrawn, and then the court can do nothing except to inquire ex parte whether any pecuniary consideration has been paid to the opposing creditor, contrary to section 5110, cl. 8. This safeguard amounts to nothing. It is probable that cases are settled every day in which that part of section 5110 is evaded; though no one undertakes to prove it, and the court cannot ascertain it. It is certain that creditors do oppose, for the purpose of obtaining an advantage; and I am afraid they often receive what they desire in some form, perhaps not technically open to objection. A creditor who is doing that, would discourage others from coming in, because he would not care to share his advantages with them."

A similar practice has prevailed in this district for several years under the present statute, and we are well satisfied of its desirability.

If these questions have been correctly answered, it only remains to apply the conclusions of the court in the following order:

The report of the referee recommending the bankrupt's discharge is reversed. The specifications of objection filed by A. B. Guilbert and Charles J. Smith are set aside for insufficiency, but the first 10 specifications of objection filed by William E. Richardson are adjudged to be valid, the eleventh and twelfth being set aside as too vague. A. B. Guilbert, an objecting creditor, is permitted to prosecute the valid specifications filed by William E. Richardson, the latter having declined to go on therewith, and is permitted also to proceed in forma pauperis under the provisions of the act of 1892. The controversy defined by this order is referred again to the special referee, with instructions to hear and determine the same as speedily as possible.