### TALCOTT v. FRIEND et al.

(Circuit Court of Appeals, Seventh Circuit. December 4, 1909. Petition for Rehearing Overruled June 10, 1910.)

#### No. 1,511.

1. APPEAL AND ERROR (§ 192*)—OBJECTIONS IN LOWER COURT—WAIVER OF OBJECTIONS TO PLEADINGS.

Where the merits of a controversy were fairly presented and tried, an appellate court will not consider technical defects in pleadings not questioned in the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1221; Dec. Dig. § 192.*]

2. COURTS (§ 352*)—FEDERAL COURTS—PROCEDURE—TRIAL OF ISSUES TO COURT.

In a federal court, a written stipulation waiving a jury in accordance with Rev. St. § 649 (U. S. Comp. St. 1901, p. 525), is not necessary to the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

submission to the court of issues of law on what is virtually an agreed statement of facts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 930; Dec. Dig. § 352.*]

**3.** FRAUD (§ 35*)—ACTION FOR DECEIT—ESTOPPEL—AFFIRMANCE OF CONTRACT.

An action for deceit is not based on a rescission of the contract, but implies an affirmance and the proving of a claim in bankruptcy for the price of goods sold and delivered on a contract, and the receiving of dividends thereon is not a bar to a subsequent action by the creditor for deceit based on fraudulent representations inducing the sale.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 30; Dec. Dig. § 35.*]

**4.** BANKRUPTCY (§ 426*)—DISCHARGE—CONCLUSIVENESS—ACTION FOR DECEIT—FORMER ADJUDICATION.

Neither the action of a creditor in opposing a bankrupt's discharge on the ground that he obtained credit on a materially false statement nor a finding by the court thereon, that the bankrupt had not been guilty of any act which barred his right to a discharge under Bankr. Act July 1, 1898, c. 541, § 14b (3), 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427) as amended by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 (U. S. Comp. St. Supp. 1909, p. 1310), is a bar to a subsequent action by the objecting creditor against the bankrupt for deceit based on the same false statement, the parties appearing in such action in a different capacity and the finding of the court not being necessarily determinative of the fact in issue in the second action.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 792; Dec. Dig. § 426.*]

**5.** BANKRUPTCY (§ 426*)—LIABILITIES DISCHARGED—LIABILITY FOR FRAUD.

Bankr. Act July 1, 1898, c. 541, § 17a (2), 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), as amended by Act Feb. 5, 1903, c. 487, § 5, 32 Stat. 798 (U. S. Comp. St. Supp. 1909, p. 1310), providing that a discharge shall release a bankrupt from all of his provable debts except such as are "liabilities for obtaining property by false pretenses or false representations" is not affected by the provision of section 14b (3) which makes the obtaining of property by means of a materially false statement in writing, a ground for refusing a discharge, and a discharge is not a bar to an action for deceit in obtaining property by means of such a statement.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 792; Dec. Dig. § 426.*]

**6.** BANKRUPTCY (§ 405*)—DISCHARGE—PERSONS ENTITLED TO OBJECT—"PARTY IN INTEREST."

The term "party in interest," as used in the rule that objections to discharge in bankruptcy may be made by any "party in interest," includes all creditors who have had their claims allowed and who have participated in the distribution of the insufficient assets.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 709–711; Dec. Dig. § 405.*]

Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by James Talcott against Henry Friend, Solomon C. Moss, and Henry Morris. Judgment for defendants, and plaintiff brings error. Reversed.

Roger Sherman, for plaintiff in error.

S. O. Levinson, for defendants in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge, delivered the opinion of the court.

Plaintiff in error, who was plaintiff below, brings this writ of error to reverse a judgment that he take nothing by his action on the case against defendants for their alleged deceit in obtaining goods from him by means of false written representations concerning their financial responsibility. Among various pleas, defendants filed one setting forth certain records in bankruptcy proceedings in the District Court for the Northern District of Illinois, and alleging that by reason thereof plaintiff was barred from prosecuting his present action. Plaintiff filed several replications, in one of which he set forth an additional portion of the same bankruptcy proceedings, and claimed that by reason thereof he was not within the alleged bar of former adjudication. Defendants filed a similiter. Thereafter plaintiff made a "motion to have the court find the issues on the question of former adjudication in favor of plaintiff." Without objection by defendants, the court proceeded with a trial of the aforesaid motion, without the intervention of a jury. And each side, at such trial, introduced in evidence, without objection, the records in bankruptcy set forth in the plea and replication. Thereupon the court, in the form of a finding of facts, recited the contents of those records, stated as a conclusion of law that the matters involved in plaintiff's declaration herein had been fully adjudicated in the bankruptcy proceeding, and entered the judgment which is brought up by this writ of error.

Each side now seeks to take advantage of alleged infirmities in his adversary's pleadings. But we will not stop to judge of the merits of this fencing, because in the light of the record it is impertinent, particularly when we bear in mind that pleadings were primarily intended, not as traps and snares, but as means of fairly advising the adversary in advance of the trial what the pleader would offer to prove at the trial. The plea fairly advised plaintiff that defendants would offer certain records. So, too, the replication fairly advised defendants that plaintiff would offer certain additional records. Each side deliberately refrained from seeking a ruling upon the legal sufficiency of his adversary's pleadings, but joined with his adversary in asking judgment with regard to the legal effect of a concededly existent and true record, in its entirety, upon plaintiff's right to a trial of his present alleged cause of action. On such a record the parties cannot properly inquire of us what rulings the Circuit Court ought to have made if demurrers or motions for judgment on the pleadings had been duly interposed.

Defendants also contend that nothing can be considered on this writ of error, because a trial by jury was not waived by written stipulation. There was no question of fact to be decided at the aforesaid limited hearing. On what was virtually an agreed statement of facts the parties submitted to the court questions of law.

Briefly, the facts were these: On February 1, 1904, defendants were adjudged bankrupts. Plaintiff filed a claim for $3,204 as the agreed price of goods sold and delivered by him to defendants. The claim was allowed, and plaintiff received his share under a composition which was confirmed. Plaintiff opposed the confirmation, and filed a specification in which he alleged that defendants in January, 1903, made

a statement in writing to the Woods Dry Goods Commercial Agency, in which statement defendants showed net assets of $92,900 over and above all debts and liabilities; that defendants gave the statement to the agency for the purpose of having the agency communicate it to plaintiff and other wholesalers in order that plaintiff and others should sell and deliver goods to defendants on credit in reliance upon the truth of said statement; that the agency communicated said statement to plaintiff and others; that plaintiff and others sold and delivered goods to defendants on credit, and in so doing relied upon the truth of said statement; that the statement was false; that defendants, at the time of making the statement, had no assets in excess of their debts and liabilities, but were utterly insolvent, as they well knew; and that plaintiff and others were ignorant of the falsity of said statement until after the petition in bankruptcy was filed. The District Court, construing section 14b(3)[1] (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], as amended by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 [U. S. Comp. St. Supp. 1909, p. 1310]) to mean that a bankrupt debtor should not be refused a discharge (confirmation of a composition operating as a discharge)[2] on account of having made a materially false statement in writing, unless the statement was made by the debtor directly to the creditor whom the debtor intended to deceive, ruled that the specification aforesaid failed to state facts sufficient to constitute a bar to defendants' discharge, and entered judgment as follows:

"It appearing that the composition has been accepted by a majority, * * * and that the bankrupts have not been guilty of any of the acts, or failed to perform any of the duties, which would be a bar to a discharge, * * * it is therefore hereby ordered that the said composition be, and it hereby is, confirmed."

This judgment has remained in full force and effect. The deceit counted on in the declaration in the present action is the defendants' giving of the same false statement in writing which was set forth in plaintiff's objection to the confirmation of the composition. The damages alleged to have been suffered as the consequence of the deceit are the unpaid balance of the price fixed in the contract of purchase.

I. What effect upon plaintiff's right to maintain this action on the case for deceit is exerted by the fact that plaintiff filed against the estate in bankruptcy his claim under the contract of purchase, and shared in the distribution?

Filing the claim was an affirmance of the contract of sale, and constituted an election not to rescind and attempt to recover what plain-

[1] Section 14b (3) provides that "the judge shall hear the application for a discharge, and such proofs and pleas as may be made in opposition thereto by parties in interest, at such time as will give parties in interest a reasonable opportunity to be fully heard, and investigate the merits of the application, and discharge the applicant unless he has * * * (3) obtained property on credit from any person upon a materially false statement in writing made to such person for the purpose of obtaining such property on credit."

[2] Section 14c. "The confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge."

tiff had delivered to defendants in pursuance of the contract. But an action for deceit is not based on recission. It too, implies an affirmance. It means that plaintiff has elected to abide by the contract, to retain and make the best of what he received thereunder, and to recover the difference between what he received and what he parted with, as his damages in being misled.

In Cheney v. Dickinson, 172 Fed. 109, 96 C. C. A. 314, we pointed out that an action for deceit can be maintained against any one who intentionally deceived the plaintiff into making and carrying out the contract. Against any one—quite irrespective of whether the deceiver was himself a party to the contract or not. "In such an action it is immaterial whether the defendant did or did not receive the consideration or other benefit, because the gravamen of the action is that the plaintiff has been deceived to his injury, not that the defendant has profited by the transaction." So there was no inconsistency in plaintiff's realizing all he could from defendants' explicit promise to pay, and afterwards demanding damages for having been deceived into accepting such a poor obligation in exchange for his goods, because the defendants were sued in two separate and distinct capacities. That the promisors in the contract case and the fraud doers in the deceit case were the same persons was an incident immaterial to either case.

In Frey v. Torrey, 70 App. Div. 166, 75 N. Y. Supp. 40, 8 Am. Bankr. Rep. 196, affirmed by the Court of Appeals in 175 N. Y. 501, 67 N. E. 1082, which was an action by respondent, plaintiff below, to recover damages suffered through appellant's deceit in inducing respondent to deposit money with appellant while insolvent, the court said:

"The appellant's contention that the respondent is estopped from prosecuting this action by his election to prove his claim in bankruptcy remains to be considered. * * * We fail to discover any inconsistency between the remedy pursued by the respondent in the bankruptcy court and that adopted by bringing this action. It does not necessarily appear that the respondent waived the tort by filing proof of his claim in bankruptcy. If not, merely proving the indebtedness which concededly existed and which was induced by fraud would not be inconsistent with subsequently bringing an action to recover the money obtained by fraud." [3]

If a claimant in bankruptcy had in truth no contract on which to base his claim; if he did not in fact sell and deliver, nor intend to sell and deliver, the goods to the bankrupt; if the bankrupt obtained possession of the goods by theft or force or trick; and if the claimant proved the theft or force or trick to support the legal fiction of a contract—then it might properly be ruled that the injured party should not be permitted thereafter to prove the same theft or force or trick to support an action in tort. That is, a waiver of the tort would be held to be the basis of the fiction that there was a contract. But whenever there is in truth a contract, no waiver of a tort that is consistent with the contract's existence is necessary to the contract's enforcement.

[3] See, also, Stokes v. Mason, 10 R. I. 261; McBean v. Fox, 1 Ill. App. 177; Mallory v. Leach, 35 Vt. 156, 82 Am. Dec. 625; Bowen v. Mandeville, 95 N. Y. 237; Heastings v. McGee, 66 Pa. 385.

We conclude, therefore, that the prosecution of the claim in bankruptcy was not a bar to this action for deceit.

II. What effect is to be attributed to that part of the record in bankruptcy which shows that plaintiff interposed as an objection to defendants' discharge the deceit counted on in the present declaration and that the court found "that the bankrupts have not been guilty of any of the acts which would be a bar to a discharge"?

Reading the above quoted part of the decree in the light of the prior proceedings which show that the court held, as a matter of law, that the specification was insufficient, and that no evidence was introduced, the meaning of the finding is "that the bankrupts have not been shown to have been guilty of any of the acts or omissions which would be a bar to a discharge." In the absence of such a showing, it was the duty of the court, under section 14b, to grant the discharge (confirm the composition).

Objections to discharge may be made by any "party in interest." That term certainly includes all creditors who have had their claims allowed and who have participated in the distribution of the insufficient assets. The third ground of objection is available if the bankrupt in the manner therein stated "obtained property on credit from any person." Any creditor may therefore urge this objection, whether he was the defrauded party or not. In re Harr (D. C.) 143 Fed. 421. The application for a discharge consequently tenders an issue to all parties in interest. If all remain silent, all are bound by the finding which follows the failure to present objections. All equally have the right and the opportunity to object; but if only one does so, he cannot keep the outcome to himself—all share in the result. Thus identity in interest of the parties to the application for discharge and objections thereto and the parties to this action for deceit is wanting. In the bankruptcy court the parties were the defendants in the capacity of insolvent debtors and the plaintiff in the capacity of a representative of all parties interested in opposing the discharge, while in this action the parties are the defendants in the capacity of fraud doers (separate and distinct from their character of contractors, as hereinbefore pointed out) and the plaintiff in the capacity of the solitary victim of their deceit. So, also, there is lacking an identity of issues, for in the bankruptcy proceeding the only proper issue was the bankrupts' right to a discharge as against all parties in interest. In re Thomas (D. C.) 92 Fed. 912; In re Rhutassel (D. C.) 96 Fed. 597.[4]

Our conclusion, therefore, is that plaintiff's act in pleading defendants' deceit in opposition to the application for a discharge, and the aforesaid finding of the court with respect thereto, fail to bar plaintiff from maintaining this action.

III. What effect should be given to that part of the bankruptcy record which confirms the composition and thereby discharges the defendants?

By section 17 "a discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (2)

---

[4] See, also, In re Tinker (D. C.) 99 Fed. 79, and the reference thereto on page 474 in Tinker v. Colwell, 193 U. S. 473, 24 Sup. Ct. 505, 48 L. Ed. 754.

are liabilities for obtaining property by false pretenses or false representations."

The cause of action for deceit, not having been reduced to "a fixed liability as evidenced by a judgment," was not a "provable debt" (section 63 of the act; 1 Remington on Bankruptcy, pp. 376, 424) and therefore was not extinguished by the discharge.

But if the cause of action for deceit were to be considered as a provable debt, it would be saved by the second exception in section 17. This exception is not lessened from the natural import of its language by the provision in section 14b (3). The two provisions are of course to be read as parts of the same statute. But they do not limit each other, because on looking to the particular subjects treated of by them respectively, they are found to be not in pari materia. Releasing an insolvent debtor from his debts is an act of grace. The fixing by Congress of the considerations on which the discharge will be granted or withheld is a matter separate and apart from determining the effect to be given the discharge in subsequent litigation. Katzenstein v. Reid, 41 Tex. Civ. App. 106, 91 S. W. 360, 16 Am. Bankr. Rep. 740.

Furthermore, if section 14b(3) were to be interpolated into section 17(2), Congress would be held to have intended the absurdity that deceivers, despite their discharges, should remain liable for oral deceits although excused from written deceits.

In our opinion, therefore, the record of the discharge is no bar.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.