### In re FOSTER.

(District Court, S. D. Mississippi, Jackson Division.   July, 1910.)

BANKRUPTCY (§ 407*) — CREDITS — FALSE STATEMENTS — OBJECTIONS TO DIS-
CHARGE.

It is not a valid objection to a bankrupt's discharge that he made false statements concerning his financial condition to commercial agencies on the faith of which creditors extended credit. where the bankrupt made no statement directly to such creditors, under the bankruptcy act declaring that a discharge may be denied where the bankrupt obtained property from any person on a materially false statement in writing made to such person, for the purpose of obtaining property on credit.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 407.*]

In the matter of bankruptcy proceedings of R. L. Foster. On objections to the bankrupt's discharge.   Overruled.

Discharge confirmed on special finding of Referee West, which is as follows:

By proper order of this court, the undersigned was appointed as a special master to hear the evidence and report a finding of facts with recommendation thereon upon objections to the above-named bankrupt's petition for discharge.   The only important question necessary for determination of the issue here presented is:   Is a materially false statement in writing of a bankrupt's financial condition made to a mercantile agency a valid objection to a bankrupt's discharge?

The proof shows that the bankrupt made statements to the Bradstreet Company and R. G. Dun & Co. as to his financial condition.   These statements were materially false, in that he did not own real estate to the amount mentioned in his statements to the mercantile agencies.   In one of these statements he valued his homestead at $7,000, and in another at $5,000, both of which were untrue and were admitted to be untrue by the bankrupt himself.   The evidence of the objecting creditors, as shown by the letters filed with the papers in the case, is that they extended the credit to the bankrupt solely upon the faith and truthfulness of the statements as made by Foster to the mercantile agencies, and not upon any statement that was made directly to them (the creditors) by Foster.   There was no evidence that Foster at any time ever referred any of the objecting creditors to the mercantile agency as a basis of credit sought at their hands, so that the only issue is, as above stated, whether the making of a false statement to the mercantile agencies is alone a bar to a discharge.

The act prevents a discharge where any bankrupt has "obtained property on credit from any person upon a materially false statement in writing made to such person for the purpose of obtaining such property on credit."   The objecting creditors rely upon the following cases:   In re Dresser (2d Circuit) 16 Am. Bankr. Rep. 561, 146 Fed. 383, 76 C. C. A. 655; In re Pincus (D. C.) 17 Am. Bankr. Rep. 331, 147 Fed. 621.   A reading of those two cases will show that they are not applicable to the question here presented, and are not authority for the contention of the objecting creditors.   In the Dresser Case the bankrupt made a false statement, which he gave to his agent, and the agent delivered the statement directly to the person extending the credit, and upon the truthfulness of this statement the credit was extended.   The bankrupt was denied his discharge.   No such state of facts is presented in the instant case.   It cannot be said that the mercantile agencies were the agents of the bankrupt.   In the Pincus Case the bankrupt made a false statement to the Credit Clearing House, a mercantile agency having for its object, inter alia, the collection of information regarding mercantile establishments for the guidance of its subscribers, who are known as "associate mem-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bers." On or about July 11, 1903, the bankrupt furnished to the Credit Clearing House a statement in writing of their assets and liabilities as of date July 1st. At the foot of the statement was appended the following: "The above is a full and correct statement of our financial condition and is made to form a basis of credit with the associate members of the Credit Clearing House." On November 12, 1903, the bankrupt furnished to one of the objecting creditors a statement identical with the one above referred to, and at the bottom of that statement was appended the following: "The above is a full and correct statement of our financial condition on the 1st day of July, 1903, and is made to form a basis of credit with Sherman, Reid & Company." This last statement was furnished to a Mr. Chaffee, of the firm. His firm was an associate member of the Credit Clearing House. In that case it will be seen that the statement was made directly to the creditor extending credit to the bankrupt.

It is indeed unfortunate that a bankrupt may make false statements of his financial condition to a mercantile agency and that a creditor, relying upon the faith of such a statement, may not successfully defeat a discharge because of such a statement, but such is the law. Collier on Bankruptcy (7th Ed.) pp. 286, 287, and notes.

Watkins & Watkins, for bankrupt.
J. H. Thompson, for objecting creditors.

NILES, District Judge. Special finding of referee confirmed, and bankrupt discharged.