In re MILLER.

(District Court, N. D. Iowa, W. D.    January 4, 1912.)

No. 952.

1. BANKRUPTCY (§ 413*)—DISCHARGE—SPECIFICATIONS OF GROUNDS OF OPPOSITION—VERIFICATION.

Though Bankr. Act July 1, 1898, c. 541, § 18c, 30 Stat. 551 (U. S. Comp. St. 1901, p. 3429), and a local court rule require specifications of grounds of opposition to a bankrupt's discharge to be verified, a creditor was properly permitted to verify specifications which were filed without verification, where counsel for the objecting creditor was advised by the referee that verification was not necessary, and it was made as soon as objection was raised for want thereof.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 413.*]

2. BANKRUPTCY (§ 407*)—OBJECTIONS TO DISCHARGE—GROUNDS—MISREPRESENTATIONS.

Under Bankr. Act July 1, 1898, § 14b(3), as added by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 (U. S. Comp. St. Supp. 1909, p. 1310), making it ground for refusal of a discharge in bankruptcy that the bankrupt ob-

tained property on credit on a materially false statement in writing, a discharge was properly refused to a retail merchant who obtained goods worth $2,200 on credit, upon a written statement showing that his assets exceeded his liabilities by about $26,000, where he failed to pay for the goods, excepting a payment of $270, and where he omitted from the statement two items of indebtedness for borrowed money, aggregating $7,000: the statement being recklessly made and knowingly false.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 407.*]

3. BANKRUPTCY (§ 407*)—DISCHARGE—REFUSAL—EFFECT.
 Refusal of a discharge in bankruptcy under Bankr. Act July 1, 1898, § 14b(3), as added by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 (U. S. Comp. St. Supp. 1909, p. 1310), on the ground that the bankrupt obtained property on credit on a false statement in writing as to his assets, operates as to all claims, not being limited merely to the claim of the objecting creditor.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 407.*]

In the matter of Nicholas B. Miller, bankrupt. On objections by Marshall Field & Co. to the bankrupt's discharge. Discharge denied.

Strong & Whitney, for objecting creditor.
Struble & Struble, for bankrupt.

REED, District Judge. [1] The bankrupt objects to the specifications of grounds of opposition to the discharge because they were not verified when filed, as required by rule No. 11 in bankruptcy of this court. That rule is as follows:

"11. * * * Specifications of ground of opposition to a discharge shall be verified by the creditor or party making the same. If more than one ground is relied upon, each shall be stated in a separate specification. The specifications shall be numbered, and each shall contain a clear and concise statement of the facts, without repetition, relied upon as grounds to defeat the discharge. Specifications not verified as required by this rule shall not be received nor filed."

It appears from the affidavit of counsel for the objecting creditor that, when he presented the specifications to the referee to be filed, he inquired of the referee if it was necessary to verify the same, and was informed by him that it was not; that, as soon as objections were made to them because not verified, the objecting creditor made application to the judge for leave to amend the same by verifying them, which leave was granted, and the specifications were at once duly verified. The bankrupt, however, urges that this is not sufficient, that the filing of them without verification was a nullity, and that there was nothing which could have been amended.

Local rule No. 11 is intended to prevent the filing of frivolous or ungrounded specifications of objections to a discharge, simply to delay the hearing thereof, and without intending to offer any evidence in support of them, which was frequently done before the rule was promulgated. The verification seems also to be required by section 18c of the bankruptcy act. But neither the statute nor the rule prevent the verification of specifications after they have been filed, upon a showing of good reasons why they were not verified when filed.

The specifications in question are specific, and comply with the

statute and the local rule, except as to verification, and are shown to have been filed in good faith. If objection had been made to them, when presented to the referee, that they were not verified, they would undoubtedly have been verified at once, as they were later, when objection was made to them for lack of such verification. To refuse to permit them to be verified would, upon the showing made, be a clear abuse of discretion. See In re Levin, 176 Fed. 177, 99 C. C. A. 531. The motion to reconsider the order allowing them to be verified after they were filed, and to disregard them, is overruled.

[2] The principal objection to the granting of the discharge is that the bankrupt obtained property on credit from Marshall Field & Co., a corporation of Chicago, upon a materially false statement in writing made by him to that company for the purpose of obtaining such credit. Section 14b of the bankruptcy act, as amended, provides:

"The judge shall hear the application for a discharge, and such proofs and pleadings as may be made in opposition thereto by parties in interest, * * * investigate the merits of the application and discharge the applicant unless he has * * * (3) obtained property on credit from any person upon a materially false statement in writing made to such person for the purpose of obtaining such property on credit."

The proofs show that on February 23, 1909, the bankrupt, who was then conducting a general store at Remsen, Plymouth county, in this state, applied to Marshall Field & Co., a wholesale dry goods house in Chicago, at its store in that city, to purchase goods upon credit. He had been dealing with that company prior to this, and had previously made to it statements of his financial condition. On this occasion he was required to make to the company a new statement in writing of his financial condition as a basis for the credit asked for. He made such statement, and in answer to one of the questions therein stated that he was "not indebted to any one for borrowed money." The statements showed his assets to exceed his liabilities by some $26,000. Upon the strength of such statement he obtained from Marshall Field & Co. property of the value of some $2,200, upon credit, between its date and September 1st following, for which he failed to pay, except the sum of $270. He was adjudged bankrupt in December following.

The bankrupt admits that he made the statement, signed the same, and omitted therefrom two items of indebtedness for borrowed money, aggregating about $7,000, and for which he was then owing. His excuse for omitting from the statement such indebtedness is that $6,200 thereof was for money that he had borrowed from his father-in-law, and for which he had given him his note, which was then past due, but that he did not think he would ever be pressed for its payment, and did not have the same in mind when he made the statement. The other $800 he says was a note to a bank, which was signed also by one Scott, that Scott was owing him (the bankrupt) a like sum, and that he thought one amount would off-set the other.

As to the indebtedness due his father-in-law, it appears that he had paid the interest thereon from time to time up to the time he made the statement, and that in May after making the statement he paid the interest thereon up to January 14, 1909, which was the time

the annual interest became due. It appears beyond any doubt whatever that this statement was made by the bankrupt to Marshall Field & Co., as a basis for credit, and that upon the strength thereof he obtained from that company property on credit to the amount of some $2,200, and for which he failed to pay, except the sum of $270. That the statement was recklessly made, and was knowingly false in a material particular, is also beyond any doubt. To grant the bankrupt his discharge under the circumstances shown would be to disregard entirely the provisions of the bankruptcy act above quoted.

[3] It is urged that, if the discharge is to be denied, it should only be as to the claim of Marshall Field & Co. from whom the credit was obtained upon such statement. The statute does not so read, but reads in this way:

"That the discharge shall be granted *unless* the bankrupt has * * * (3) obtained property on credit from any person upon a materially false statement in writing made to such person for the purpose of obtaining such property on credit."

The making by a bankrupt of a materially false statement in writing to any person for the purpose of obtaining property on credit, and upon which statement property is so obtained, prevents the granting of a discharge; and the objections may be interposed by any party in interest. Gilpin v. National Bank, 165 Fed. 607-612, 91 C. C. A. 445, 20 L. R. A. (N. S.) 1023; Talcott v. Friend, 179 Fed. 676-681, 103 C. C. A. 80; In re Harr (D. C.) 143 Fed. 421-423; In re Brener (D. C.) 166 Fed. 930; In re Augspurger (D. C.) 181 Fed. 174.

Whether or not the debt of Marshall Field & Co. against the bankrupt for the property so obtained would be saved under section 17 (2) of the bankruptcy act, as amended by Act Feb. 5, 1903, c. 487, 32 Stat. 798 (U. S. Comp. St. Supp. 1909, p. 1310), from the effect of the discharge, if one was granted, need not be now considered. It is sufficient for the purpose of this case that Marshall Field & Co. had the undoubted right to interpose this objection to the discharge. The objection to the discharge must be and is sustained.

The petition for discharge is therefore denied, and the clerk will enter an order accordingly.