In re KRETZ et al.

(District Court, W. D. Washington, S. D. April 9, 1914.)

No. 1206.

1. BANKRUPTCY (§ 408*)—REFUSAL OF DISCHARGE—FALSE STATEMENTS TO OBTAIN CREDIT.

Under Bankruptcy Act July 1, 1898, c. 541, § 14, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), as amended by Act June 25, 1910, c. 412, § 6, 36 Stat. 839 (U. S. Comp. St. Supp. 1911, p. 1496) authorizing the discharge of a bankrupt unless he has obtained property on credit upon a materially false statement in writing, made to any person or his representatives for the purpose of obtaining credit from such person, a false statement to a mercantile agency does not prevent a discharge, in the absence of any showing that the agency was a representative of any creditor, or that the representation to the agency was communicated to or relied upon by any creditor.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 732–736, 759, 762, 763; Dec. Dig. § 408.*]

2. BANKRUPTCY (§ 405*)—REFUSAL OF DISCHARGE—FALSE STATEMENTS TO OBTAIN CREDIT.

Under Bankruptcy Act July 1, 1898, c. 541, § 14, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427) as amended by Act June 25, 1910, c. 412, § 6, 36 Stat. 839 (U. S. Comp. St. Supp. 1911, p. 1496), relative to refusing a discharge because of false statements made to obtain credit, creditors may object to the discharge of a bankrupt because of a false statement made to another creditor, who does not object to the discharge for the purpose of obtaining credit from the nonobjecting creditor.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 709–711; Dec. Dig. § 405.*]

3. BANKRUPTCY (§ 413*)—OBJECTIONS TO DISCHARGE—VERIFICATION.

Where the specifications of objections to a bankrupt's discharge were filed October 20th, and no objection was made to the sufficiency of the verification until the beginning of the taking of testimony before a special master on December 2d, when it was agreed that the objection should be made to the district judge, and the testimony was taken and briefs were filed up to and including December 6th, upon which day the president of one of the objecting creditors verified the specifications, his verification was in time, and it was immaterial whether the original verification was sufficient.

[Ed. Note.—For other cases, see Bankruptcy Cent. Dig. §§ 712–718, 725, 727; Dec. Dig. § 413.*]

In Bankruptcy. In the matter of Thore W Kretz and another, copartners doing business as the Hoquiam Hardware & Supply Company, bankrupts. On exceptions to the special master's report. Report disapproved, and discharge denied.

Morgan & Brewer and W. E. Campbell, both of Hoquiam, Wash., for objecting creditors.

Charles W. Smith, of Hoquiam, Wash., for bankrupts.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CUSHMAN, District Judge. This matter is before the court upon the exceptions of certain creditors to the special master's report, recommending that the creditors' objections to the bankrupts' discharge be not allowed, with costs against the creditors. The character of the issue is fully disclosed by the master's report.

"The proof shows that the bankrupts made statements to the Bradstreet Company and R. G. Dun & Co. as to their financial condition. These statements were materially false, in that they did not own real estate to the amount mentioned in these statements to the mercantile agencies. In one of these statements the bankrupts listed notes and accounts receivable, actual value, at $5,000. This also was false. On November 21, 1911, the bankrupts made a statement entitled 'Confidential Statement made to Western Hardware & Metal Company, Seattle, Washington, by Hoquiam Hardware & Supply Company.' This statement was materially false, in that the bankrupts did not own real estate (store building and lot) of the value of $2,500. The testimony of the bankrupts shows that the statement to the Western Hardware & Metal Company, of Seatle, Wash., was made for the purpose of obtaining credit, and that credit was actually obtained from the Western Hardware & Metal Company after this statement had been furnished. There is no evidence that the statements furnished the mercantile agencies, R. G. Dun & Co. and the Bradstreet Company were furnished by the bankrupts with a view of obtaining credit, or that any credit was ever actually extended to the bankrupts on the basis of these false statements. The Western Hardware & Metal Company is not one of the objecting creditors in this proceeding. The only question with respect to false statements is whether or not the making of a false statement to a mercantile agency is a bar to a discharge, and whether or not the making of a false statement to an individual, with a view to obtaining credit, and on which credit was actually subsequently extended, is such a matter as can be taken advantage of by other creditors, where the creditor to whom the statement was made makes no objection to the granting of the discharge. The act prevents a discharge where any bankrupt has obtained property on credit from any person upon a materially false statement in writing, made to such person for the purpose of obtaining such property upon credit.

"In re Foster (D. C.), reported in 186 Fed., at page 254, definitely decides that the furnishing of a false statement to a mercantile agency is not such a statement as was contemplated by the provision of the Bankruptcy Act just referred to, and in conclusion of his findings, Referee West in that case made use of the following language:

"'It is indeed unfortunate that a bankrupt may make false statements of his financial condition to a mercantile agency, and that a creditor, relying upon the faith of such a statement, may not succeed in defeating a discharge because of such a statement, but such is the law.'

"As to the report furnished the Western Hardware & Metal Company, I find that while that statement was materially false, and was such a statement as would fall within the provisions of the Bankruptcy Act before referred to, the only creditor in a position to take advantage of this false statement is the creditor to whom it was made, and who relied thereon and extended the credit; and, inasmuch as the Western Hardware & Metal Company is not a party to this proceeding as an objecting creditor, this ground of objection is not available to the objecting creditors, and that specification must be denied."

The objecting creditors rely upon the following authorities: In re Harr (D. C.) 143 Fed. 421; In re Shaffer (D. C.) 169 Fed. 726; Gilpin v. Nat'l Bank, 165 Fed. 607, 91 C. C. A. 445, 20 L. R. A. (N. S.) 1023; Talcott v. Friend, 179 Fed. 676, 681, 103 C. C. A. 80, affirmed 228 U. S. 27, 33 Sup. Ct. 505, 57 L. Ed. 718; Loveland on Bankruptcy (4th Ed.) vol. 2, 1323, § 730; Act of 1903, § 14, Subd. 3.

The bankrupts rely on the following cases: In re Foster (D. C.) 186 Fed. 254; In re Russell, 176 Fed. 253, 100 C. C. A. 77; Novick v. Recd, 192 Fed. 20, 112 C. C. A. 408; In re Miller (D. C.) 192 Fed. 730; In re Blankfein (D. C.) 97 Fed. 191; In re Richards (D. C.) 103 Fed. 849; Chapter 5, § 14, Bankruptcy Law of 1898.

The Bankruptcy Act of 1898 contained no provision touching this question. The act of 1903 provided:

"The judge shall * * * discharge the applicant (the bankrupt) unless he has * * * (3) obtained property on credit from any person upon a materially false statement in writing made to such person for the purpose of obtaining such property on credit. * * *" Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 (U. S. Comp. St. Supp. 1911, p. 1496).

The act of 1910 provides:

" * * * (3) Obtained money or property on credit upon a materially false statement in writing, made by him to any person or his representative for the purpose of obtaining credit from such person. * * *" Act June 25, 1910, c. 412, § 6, 36 Stat. 839 (U. S. Comp. St. Supp. 1911, p. 1496).

[1] As the false representations under the last act must be made to the person, or the representative of the person, from whom money or property was obtained on credit, without a finding or evidence that the mercantile agencies were, in some sense, the representatives of a creditor from whom money or property was obtained, or the representations made to them were, in some way, communicated to the creditor, or relied upon by the creditor, the report of the master is approved as to the insufficiency of the objection to discharge, so far as based upon the false representations made to the commercial agencies.

[2] The objecting creditors were clearly parties in interest, and therefore entitled to object, under the statute, to the discharge, for the statute reads that the false statements, if made to "any person," prevent discharge, and are therefore sufficient to require the refusal of the bankrupts' discharge, although not made to one of the objecting creditors. In re Harr (D. C.) 143 Fed. 421; In re Miller (D. C.) 192 Fed. 730, at 733; Talcott v. Friend, 179 Fed. 676, at 681, 103 C. C. A. 80, affirmed 228 U. S. 27, 33 Sup. Ct. 505, 57 L. Ed. 718; In re Shaffer (D. C.) 169 Fed. 724, at 726; Gilpin v. Nat'l Bank, 165 Fed. 607, 91 C. C. A. 445, 20 L. R. A. (N. S.) 1023; Collier on Bankruptcy (9th Ed.) 350B; Black on Bankruptcy, 665, note 42.

In re Burke, Fed. Cas. No. 2,157, 4 Fed. Cas. page 731, was one construing a provision of Act March 2, 1867, c. 176, 14 Stat. 517, and is therefore of a less controlling character than the foregoing.

[3] As shown by the special master's report above, this matter was disposed of upon its merits. The bankrupts now object to the consideration of the question upon its merits, contending that the objections to the discharge are defective, in that they were sworn to by the attorney of the creditors, with no power of attorney on record authorizing him to make affidavit for them.

The specifications were filed October 20, 1913. No objection was made to the sufficiency of the verification until the beginning of the taking of testimony, December 2, 1913, upon which objection it was agreed by the attorneys for the bankrupts and the objecting creditors

that this objection should be made to the District Judge. Thereupon the testimony was taken. Briefs were filed up to and including the 6th day of December, 1913, upon which day the president and manager of F. G. Foster Company, a corporation, one of the objecting creditors, verified the specifications of objections. The report of the special master was filed on the 24th day of February, 1914. Without ruling on the sufficiency of the original verification, or that of the power of attorney to authorize such verification, I am of the opinion that, under the proceedings in this cause, the verification by the president of the above-named company was in time. Collier on Bankruptcy (9th Ed.) 329D.

The special master's report is disapproved, as above indicated, and the discharge and costs will be denied. Leave will be denied the Western Hardware & Metal Company to now file its objection to discharge.