## In re FEINBERG.

(District Court, E. D. Pennsylvania. March 2, 1923.)

### No. 7635.

1. **Bankruptcy** ⊜⇒404(1)—**Discharge is privilege, not primary purpose of proceedings.**

The primary purpose of the Bankruptcy Act (Comp. St. §§ 9585–9656) is not the discharge of the bankrupt, but is the collection of his assets and their fair distribution among his creditors, and the discharge is a privilege the law extends to him, unless it is shown he has done one or more of the things provided in section 14 of the act as grounds for refusal of his discharge.

2. **Bankruptcy** ⊜⇒404(1)—**Bankrupt must strictly comply with provisions of act to obtain discharge.**

Since a discharge is a privilege granted by the Bankruptcy Act (Comp. St. §§ 9585–9656), one who seeks thereby to avoid his debts must comply strictly with its provisions.

3. **Bankruptcy** ⊜⇒407(5)—**Acts of bankrupt alone considered in determining right to discharge.**

It is the acts of the bankrupt that alone are to be considered on objection to his discharge, and not the acts of the person from whom he obtained money or property through false statements, so that acceptance by the creditor of renewal notes for the credit fraudulently obtained does not entitle the bankrupt to discharge.

4. **Bankruptcy** ⊜⇒405—**Creditor extending credit on false statement cannot waive objection to discharge of bankrupt.**

The right to object to the discharge of a bankrupt on the ground that he had obtained credit by false statements as to his financial condition is not one personal to the creditor to whom the statement was made, but may be relied on by other parties in interest, and therefore cannot be waived by the creditor defrauded.

5. **Bankruptcy** ⊜⇒405—**Waiver of right to object to discharge cannot be based on acts before bankruptcy.**

Since a waiver involves knowledge of the right waived, a creditor from whom the bankrupt obtained credit by false statement of financial condition does not waive his right to object to the discharge in bankruptcy because of such false statement, by accepting renewal notes before the bankruptcy of the debtor.

In Bankruptcy. In the matter of Nathan Feinberg, bankrupt. On exceptions to the report of special master, recommending that specification of objection to discharge of bankrupt by the First National Bank of Camden be dismissed. Exception sustained, master's recommendation disapproved, and application for discharge refused.

D. Arthur Magaziner and Clinton O. Mayer, both of Philadelphia, Pa., for bankrupt.

Fell & Spalding, of Philadelphia, Pa., for petitioning creditors.

THOMPSON, District Judge. Nathan Feinberg was adjudged a voluntary bankrupt on March 2, 1922. The First National Bank of Camden, a creditor, filed a specification of objection to his discharge upon the ground, under section 14b (3), being Comp. St. § 9598, that the bankrupt had obtained money or property on credit upon a materi-

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ally false statement in writing, made by him to the officers of the First National Bank of Camden for the purpose of obtaining credit from the bank, and the matter was referred to a special master. The facts found by the special master may be briefly stated as follows:

Feinberg, the bankrupt, who had been continuously dealing with the Bank since 1915, was on April 20, 1920, indebted to the Bank in the sum of $600, loaned upon promissory notes. Upon that day he filled out in writing and signed for the purpose of obtaining further credit a form of financial statement wherein, inter alia, he stated that he was the owner of a dwelling house, 254 South Fifty-Fifth street, Philadelphia, of the value of $8,000, against which was a mortgage debt of $2,975. The statement was false, and Feinberg knew it was false. The premises in question were owned by his wife, Sarah Feinberg. Relying upon this false statement, the Bank extended further credit to Feinberg, and loaned him upon promissory notes the additional sum of $1,000. His notes, then aggregating $1,600, were renewed from time to time until March 7, 1921, when, upon signing another statement, Feinberg admitted to the officers of the bank the truth regarding the ownership of the premises.

In the statement of March 7, 1921, the bankrupt stated that he was the owner of a Maxwell car, which cost $1,600. This statement was also false, and, as the bankrupt well knew, the car in question belonged also to his wife, Sarah Feinberg. The false statement as to the automobile is not set up in the specification of objection to discharge, but it is material as showing the intent of the bankrupt to deceive the bank.

After knowledge came to the bank of the false statement regarding the real estate, renewal notes were accepted from the bankrupt and reduced from time to time; the old notes being charged off and credit given for the renewals. At the time of bankruptcy, the bankrupt was indebted to the bank upon three notes in the respective sums of $175, $300, and $750. The bank obtained judgment in the Municipal Court for $1,231.78, and filed a claim against the bankrupt for that amount, plus its costs of suit. The special master recommends that the specification of objection be dismissed, because the notes held by the bank were renewal notes, and therefore were not accepted on reliance upon a materially false statement in writing.

He reaches this conclusion upon either of two grounds: First, that the acceptance of the renewal notes constituted payment of the notes negotiated through the means of the false statements; and, second, that, if the debt be regarded as the same debt which was originally contracted fraudulently, the bank waived the fraud by foregoing its right with full knowledge of the facts to proceed on the old notes. Upon either of these two methods of reasoning, I think the special master has erred in failing to take into consideration the true intent and purpose of the grounds for allowing or refusing a discharge.

[1] The Bankruptcy Act authorizes the judge to discharge the bankrupt, unless he has, inter alia (section 14b [3]), "obtained money or property on credit upon a materially false statement in writing, made by him to any person or his representative for the purpose of

obtaining credit from such person." The bankrupt's discharge is not the primary purpose of the Bankruptcy Act, nor is it an absolute right of the bankrupt. It is a privilege the law extends to him, unless it is shown that he has done one or more of the things provided in section 14 as grounds for refusal of his discharge. The primary purpose of the act is to collect the assets of the bankrupt and distribute them fairly and equitably among his creditors. In re Miller (D. C.) 135 Fed. 591; In re Dresser & Co., 146 Fed. 383, 76 C. C. A. 655; In re Levenstein (D. C.) 180 Fed. 957.

[2] As the court said in the latter case, if the bankrupt's dealings have been fair and honest, he may be discharged from the balance of his indebtedness as an incentive to further honest effort to obtain a livelihood. It must be obvious then that he who seeks to avoid his debts under the Bankruptcy Act must comply strictly with its provisions.

[3] It is the acts of the bankrupt that are to be considered upon opposition to his discharge, and not the acts of the person from whom he obtained the money or property through false statements. Therefore the fact that the creditor, from whom money or property was obtained on credit upon a false statement, has accepted new evidence, consisting of renewal notes, for the same fraudulently created pre-existing debt as that fraudulently contracted by the original notes (McLaughlin v. Bank, 7 How. 220, 12 L. Ed. 675), does not protect the bankrupt from the result of his own acts. If the special master's conclusion were correct, it would be placing the ground of objection to discharge upon the acts of the creditor, rather than upon those of the bankrupt, and there is nothing in section 14 which bases the result upon the act of any one except the bankrupt himself.

[4] That the right to object is not a personal right of the creditor, but one for the benefit of all, is, I think, well settled by the cases holding that advantage may be taken of a false statement in opposition to discharge by other parties in interest than the creditor from whom the credit was obtained. In re Harr (D. C.) 143 Fed. 421; In re Kretz (D. C.) 212 Fed. 784; In re Guilbert (D. C.) 154 Fed. 676; In re Levey (D. C.) 133 Fed. 572.

[5] If the right to oppose a discharge is not personal to the creditor defrauded, it follows that it is not the subject of waiver. Even if that were not so, waiver involves knowledge of the right. Feinberg was not then in bankruptcy, and the right cannot be held to be waived which was not in existence, nor even in contemplation of the parties at the time of the supposed waiver.

The exceptions to the First National Bank of Camden are sustained, the master's recommendation disapproved, and the application for discharge refused.