## In re KRAEMER.

(District Court, D. Minnesota, Sixth Division. January 18, 1927.)

Bankruptcy ⊜⇒407(11)—Exemption from discharge, because of bankrupt's obtaining credit on materially false statements, is allowed in favor of all provable debts (Bankruptcy Act, § 14b, subd. 3 [Comp. St. § 9598]).

Exemption from discharge under Bankruptcy Act, § 14b, subd. 3 (Comp. St. § 9598), because of bankrupt's having obtained credit on materially false statement, is not limited to creditors relying on statements, but is allowed in favor of all provable debts.

In Bankruptcy. In the matter of the bankruptcy of Nic Kraemer, doing business as the Kraemer Hardware Company. On referee's report recommending that bankrupt be denied a discharge. Application for discharge denied.

Todd, Fosnes & Sterling, of St. Paul, Minn., for trustee.

W. J. Stephens, of Melrose, Minn., for bankrupt.

JOHN B. SANBORN, District Judge. The trustee, with authority of the creditors, interposed objections to the bankrupt's discharge on the ground that he had obtained credit upon materially false statements in writing, made by him respecting his financial condition. One of these statements was made on April 2, 1924, to Deere & Webber Company, and the other to the De Laval Separator Company October 30, 1924. It is conceded that these statements were false, and were known to the bankrupt to be so. There is evidence to the effect—and it is obvious—that credit was extended to the bankrupt in reliance upon the statements. The claim of the bankrupt is that he did not make the statements for the purpose of deceiving; that he was an old customer of the concerns to whom they were made; that they, through their agents, had knowledge of his property and its value; and that they relied, not on the financial statements, but upon a long course of prior dealings with him.

It is possible that the evidence might justify a conclusion that the salesmen of these concerns were familiar with the stock of merchandise, but there is nothing to indicate any knowledge of the bankrupt's indebtedness to friends and others, or the value of his estate. His statements as to these items were materially false. It is doubtful if the evidence would sustain any other conclusion than that arrived at by the referee.

Some suggestion has been made that the two creditors mentioned are the only ones who can take advantage of the obtaining of credit by these false statements; that the findings of the referee on this subject do not justify his conclusion that the bankrupt is not entitled to a discharge. He finds that both creditors have proved and filed their claims, specifying the amount of each. "Section 14b is addressed to the bankruptcy court only, and is not for the benefit of any particular creditor or class of creditors, and by its express terms may be invoked on any application for discharge by the trustee or other party in interest to entirely defeat the discharge." Collier on Bankruptcy (13th Ed.) vol. 1, p. 550.

The exemption from discharge is allowed in favor of provable debts. Friend v. Talcott, 228 U. S. 27, 40, 33 S. Ct. 505, 57 L. Ed. 718. See also: In re Kretz (D. C.) 212 F. 784; In re Harr (D. C.) 143 F. 421; In re Miller (D. C.) 192 F. 730; In re Shaffer (D. C.) 169 F. 724; In re Feinberg (D. C.) 287 F. 254; In re Guilbert (D. C.) 154 F. 676; In re Levey (D. C.) 133 F. 572; Gilpin v. Mer. National Bank (C. C. A.) 165 F. 607, 20 L. R. A. (N. S.) 1023, 1027. In the last case, the court says: "It is the act of issuing a materially false statement, and the fraudulent intent of the man who issues it, that the statute seeks to punish by refusing a discharge. It should not depend upon the whim or good nature of any particular creditor to whom the false statement was made, whether the offending bankrupt should be given or refused his discharge. Any 'party in interest' who chooses to bring the wrongful act to the attention of the court, and proves that it was wrong within the meaning of the statute, is entitled so to do."

The only case I can find to the contrary is In the Matter of Max Weitzman (D. C. Tex.) 6 Am. Bankr. R. (N. S.) 427, 11 F.(2d) 897. There the court holds that the provisions of Bankr. Act, § 14b, subd. 3 (Comp. St. § 9598), are for the sole benefit of the creditor defrauded. He bases this conclusion on In re Morgan (C. C. A. 2d Cir.) 267 F. 962, from which is quoted the following: "A debt fraudulently contracted by the bankrupt will not be released by his discharge. Therefore the debts in question, which the court below found were contracted fraudulently, may fall within this provision of the act. Congress, however, never intended to refuse a bankrupt his release from all of his debts because he had contracted one or more fraudulently. The phrase 'for the purpose of obtaining credit' contemplates a statement fitted to such purpose."

A close examination of the case will show that the court, in using this language, was referring to debts fraudulently contracted, other than those based upon a materially false statement made to obtain money or property on credit. It was held that the acts of the bankrupt complained of did fall within subdivision 3, § 14b, of the act. I see no justification for disturbing the findings or conclusion of the referee. His report is confirmed.

The application for the discharge of the bankrupt is denied.