JAMES H. CAAN, Appellant, *v.* JOSEPH STEIR and Another, Respondents.

First Department, June 29, 1934.

*Alex. B. Greenberg,* for the appellant.

*James Lipsig* of counsel [*Harry H. Lipsig,* attorney], for the respondents.

PER CURIAM. The complaint states a cause of action. It may be that on the trial the allegations will not be proved. By the answer the defendants very properly plead facts which may, if proved, defeat the plaintiff's cause of action. It will be necessary to proceed to trial to determine the issues.

The order granting defendants' motion for judgment on the pleadings should be reversed, with twenty dollars costs and disbursements, and said motion denied. The order denying plaintiff's motion to strike out defenses and denials should be affirmed.

Present — FINCH, P. J., MARTIN, O'MALLEY, TOWNLEY and GLENNON, JJ.; FINCH, P. J., dissents and votes for affirmance on the first appeal.

FINCH, P. J. (dissenting). This appeal presents only a question of law, since the respective motions assume as true the allegations

of the complaint and answer. In the light of these admitted facts, the defense pleaded of a discharge in bankruptcy is valid, since it is alleged that the same facts upon which plaintiff now relies were duly litigated in the Bankruptcy Court culminating in a finding by the court in favor of the defendant Philip Steir and his final discharge in bankruptcy. The fact that said matters were considered and determined in the bankruptcy proceeding forever bars the plaintiff from thereafter relitigating the same. This fact also distinguishes the case from that of *Talcott* v. *Friend* (179 Fed. 676), relied upon by plaintiff. No such determination was there had. This distinction is clearly pointed out in *Myers* v. *International Trust Co.* (263 U. S. 64) where the court said: " The distinction between that case and this then is clear. The whole and sole effect of the decision in *Friend* v. *Talcott* [228 U. S. 27] was, *first*, that the judgment confirming the composition and discharge, based on (3) of § 14b, was not the same cause of action as that in the action for deceit based on § 17, and therefore that it did not estop the creditor from obtaining a judgment in the latter suit, and, *second*, that the issue of the falsity of the statement, while essential to recovery in the second suit for deceit, was not essential to the judgment in bankruptcy as held by the court which rendered the judgment and was in fact not determined by that court. In the case before us, however, we find that the issue of the statement's falsity was the same and was controlling in both suits and that, because it was decided against the Trust Company in the first suit, the decision concludes the issue against the company in the second."

It follows that the defense is valid, and the orders appealed from should be affirmed.

On the first appeal: Order reversed, with twenty dollars costs and disbursements, and motion denied.

On the second appeal: Order affirmed, with twenty dollars costs and disbursements.