**In the Matter of Louis MAYER, Bankrupt.**

**No. 29084.**

United States District Court
E. D. Wisconsin.

March 28, 1956.

Paul L. Axel, Sheboygan, Wis., for bankrupt.

Henry F. Fale, Sheboygan, Wis., for Harry TeSelle, creditor.

Leo L. Kircher, Random Lake, Wis., for State Bank of Random Lake, creditor.

GRUBB, District Judge.

This matter is before the Court on the petition of Harry TeSelle, a creditor, for review of the Referee's findings and order discharging the bankrupt.

TeSelle filed objection to the discharge on the ground that the bankrupt had obtained money or property or credit by making or publishing a materially false statement in writing respecting his financial condition.

The bank of Random Lake likewise submitted an objection to discharge wherein it was claimed that the bankrupt made materially false statements to the bank regarding the bankrupt's financial condition. The bank, however, never filed its objections.

When the matter came on for hearing the objecting creditor, Mr. TeSelle, attempted to prove that the bankrupt had given false statements regarding his financial condition to the bank at Random Lake. The Referee in Bankruptcy held that Mr. TeSelle was attempting to prove the unfiled charges of the bank of Random Lake, that an objecting creditor could prove only those objections which were on file, that the bankrupt

had no notice that he would be held to answer for alleged false statements made to the bank of Random Lake, and that the testimony submitted showed no reliance by the Random Lake bank on the financial statement submitted by the bankrupt.

## I.

### Form of Te Selle's Objection.

█ The objection to discharge filed by Mr. TeSelle was probably defective. Section 3183, Remington on Bankruptcy (6th Ed.), states that in objecting to discharge on grounds of false statement, it must appear from the formal objections filed that the statement was in writing, false in fact, pointing out wherein that credit was obtained and from whom, and for what. "Obviously, therefore, it is not sufficient to allege this ground merely in the words of the statute."

Although TeSelle's objections were defective, the bankrupt made no objection thereto either before the hearing or at the time of hearing. The record discloses that rather than objecting to the form of TeSelle's objections, the bankrupt chose to defend on the merits. Section 3175, Remington on Bankruptcy (6th Ed.), states that defects in the specifications can be waived by failure to make timely objection, and Section 3187 states that "lack of definiteness and certainty should not be considered fatal if the bankrupt fails to raise the point in advance of hearing and all the elements of the ground of objection * * * are stated."

██ It is the opinion of the Court that the bankrupt waived any objections he may have had to the form of the objections to discharge filed by TeSelle. The grounds alleged by TeSelle are broad enough to include the false statements allegedly given to the bank of Random Lake.

The Referee took the position that TeSelle attempted to prosecute the unfiled claim of the bank of Random Lake and that he could not do so. The Court believes this to be an unwarranted legal conclusion. There is no reason why TeSelle could not object to false statements given to the bank of Random Lake even though TeSelle was not thereby injured. In In re Feinberg, D.C.1923, 287 F. 254, 256, the court stated:

"That the right to object is not a personal right of the creditor, but one for the benefit of all, is, I think, well settled by the cases holding that advantage may be taken of a false statement in opposition to discharge by other parties in interest than the creditor from whom the credit was obtained."

Section 3205, Remington on Bankruptcy (6th Ed.), holds that objections to discharge filed by one creditor may be the basis of testimony tendered by another creditor.

█ The Referee claims that the bankrupt was surprised by the fact that TeSelle offered testimony regarding a transaction between the bankrupt and the bank of Random Lake. It may be that the bankrupt was surprised. He has no reason to complain since TeSelle's objections were based on the words of the statute and since TeSelle had a right to complain of the bankrupt's dealings with the bank of Random Lake. The bankrupt, if he did not understand the nature of the objection made by TeSelle, should have asked for a bill of particulars or should have objected to the defective statement of objections submitted by TeSelle. He could have claimed surprise and asked a continuance. Having failed to do so, he has no valid grounds for complaint.

## II.

### Did the Objecting Creditor Meet His Burden of Proof?

Three notes were negotiated by the bankrupt with the bank of Random Lake in 1953. Those notes were dated April 3, April 7 and June 18. On April 15, 1953, Mr. Mayer, the bankrupt, assisted the cashier of the Random Lake bank in making out a statement of the bankrupt's net worth. If any false statements were made, they do not pertain specifically to the credit originally ad-

·vanced on April 3rd and 7th. The Referee did not feel that any false statements made on April 15 would apply to the note issued on June 18 because too great a period of time had elapsed from the making of the April 15 financial statement due to the fact that the bankrupt was a cattle buyer and his assets fluctuated greatly. The Court believes that the Referee was in error if any false statements were made by the bankrupt in his statement of April 15. The financial statement of the bankrupt is signed and notarized. That statement states:

"* * * for the purpose of procuring credit, from time to time, * * * I furnish the foregoing statement and information which fully and truly set forth my financial condition on the 15th day of April, 1953; *which you can consider as continuing to be full and accurate unless notice of change is given you.* I agree to notify you promptly of any change that materially reduces my pecuniary responsibility." (Emphasis supplied.)

The bank of Random Lake had a right to rely on that financial statement made expressly for the purpose of obtaining credit from the bank of Random Lake. It also appears from the statement of Mr. A. J. Mueller, cashier of the bank of Random Lake, that in reliance on the April 15 statement, the bank of Random Lake renewed the notes signed April 3 and April 7, 1953. Thus, the bank of Random Lake may well, in fact, have relied on the financial statement given by the bankrupt.

Regarding burden of proof, it was stated in Yates v. Boteler, 9 Cir., 1947, 163 F.2d 953, 959:

"The word 'false' as used in 11 U.S.C.A. § 32 * * * has been defined by the Supreme Court as being 'made and acquiesced in either with actual knowledge that it was incorrect, or with reckless indifference to the actual facts, without examining the available source of knowledge which lay at hand, and with no reasonable ground to believe that it was in fact correct.' "

Section 3134, Remington on Bankruptcy (6th Ed.), states that intent to deceive is presumed from the issuance of a written false statement intended to be relied upon and that it can also be inferred from circumstances.

Title 11, U.S.C.A. § 32, sub. c, entitled "Discharges, when granted" provides:

"*Provided,* That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this subdivision, would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt."

Section 3213, Remington on Bankruptcy (6th Ed.), states that where it is established that the bankrupt has failed to list debts in an application for a loan, the burden shifts to the bankrupt of showing he has not committed acts preventing a discharge. An issue is thus presented as to whether the objecting creditor presented enough evidence to shift the burden of proof to the bankrupt.

A review of the record indicates that the bankrupt made statements which were either false or given with a reckless disregard of the true facts.

The bankrupt may have been afflicted with a very poor memory. Nevertheless, some of the assets which he listed in his financial statement did not exist and he failed to list some of his liabilities. The record submitted is not clear and does not appear to be complete. From the record it appears to the Court that there are reasonable grounds for believing the bankrupt did give a false statement or at least a statement which recklessly disregarded his true financial condition.

As was stated in Section 3213, Remington on Bankruptcy (6th Ed.),

supra, when a bankrupt fails to list debts in an application for a loan the burden shifts to him to prove that he had not committed acts preventing his discharge. The Court does not believe that the bankrupt has met that burden. For that reason the Court believes that the Referee's decision should be reversed and that the matter should be set for further hearing. The matter will be set for further hearing before the Court at which time the parties may present such further proofs as they see fit. The Court would appreciate counsel advising the Court as to the probable length of trial, after which the matter will be set for hearing de novo before the Court.