## CALVIN MARSHALL *vs.* ISAAC MERRITT.

The superior court has no authority, upon a defendant's motion, to cause an entry of "neither party" to be made, for the reason that the plaintiff since the case was pending has ascertained his damages by arbitration, and received payment and acknowledged satisfaction thereof, and discharged the claim in suit.

COMPLAINT for flowing land. After the decision in this case reported 13 Allen, 274, the complainant took out his warrant to the sheriff, who empanelled a jury to assess damages; and the jury, after a hearing, returned a verdict into court, whereupon the respondent filed a motion to make an entry of "neither party" in the case, alleging that the complainant, during the pendency of the case, had ascertained his damages by arbitration, and received payment and acknowledged satisfaction thereof, and of the costs of the reference, and discharged the claim in suit, and therefore had no right to proceed further with his suit to recover costs; but *Morton*, J., held that evidence of the facts alleged was inadmissible in support of the motion, which he overruled.

And then, upon a motion filed by the complainant, setting forth that "if the damages are assessed by the sheriff's jury at any larger sum than the award before referred to, the complainant hereby remits the excess, and, if the assessment of the jury be less than the award of the referee, the complainant hereby consents to judgment for such sum, not desiring to compel the respondent to pay any more damages than the award, and being desirous that he shall pay the just and legal costs of court," the judge ordered the verdict of the sheriff's jury to be accepted, and judgment thereon for the complainant, with costs.

The respondent alleged exceptions.

*E. Ames,* for the respondent, to the point that the respondent was entitled to an entry of "neither party," cited *Eastburn* v. *Kirk,* 2 Johns. Ch. 317; *Roberts* v. *Roberts,* 1 Sim. & Stu. 39.

*E. H. Bennett,* for the complainant, at the argument, offered to release all but nominal damages.

CHAPMAN, J. We think the court properly rejected the evi-

dence offered on the defendant's motion to order a nonsuit and default, because it had no authority to grant the motion. *Mitchell* v. *New England Marine Insurance Co.* 6 Pick. 117. *Coburn* v. *Whitely,* 8 Met. 272. *Moore* v. *Cutter,* 3 Allen, 468.

*Exceptions overruled.*