In re GROODZINSKY.

(District Court, N. D. Georgia.    January 23, 1918.)

No. 4321.

1. BANKRUPTCY ⊂⊃426(1)—DISCHARGE—EFFECT.
      Though Bankruptcy Act July 1, 1898, c. 541, § 14b(3), 30 Stat. 550, as amended by Act June 25, 1910, c. 412, § 6 (Comp. St. 1916, § 9598), provides for denial of a discharge where the bankrupt has obtained money or property on credit upon materially false statement in writing, as section 17 (section 9601) declares that a discharge shall not release the bankrupt from liability based on false pretenses or representations, the claim of one who extended credit on a materially false statement in writing is not barred, though such creditor participated in the bankruptcy proceedings and unsuccessfully opposed discharge.
2. BANKRUPTCY ⊂⊃417(1)—DISCHARGE—VACATION.
      Discharge already granted will not be vacated at the instance of a creditor whose claim was not barred by the discharge.

In Bankruptcy. In the matter of the bankruptcy of Jacob Groodzinsky. On motion to set aside and vacate a discharge heretofore entered. Motion denied.

J. S. James and J. R. Bedgood, both of Atlanta, Ga., for objecting creditors.

J. R. Hutcheson, of Douglasville, Ga., for bankrupt.

NEWMAN, District Judge. This is a motion to set aside and vacate a discharge in bankruptcy heretofore entered in the case above stated. At the time the discharge was granted the court had before it the testimony of W. A. Ward of the Ward-Truitt Company, ob-

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
    248 F.—48

jectors to Groodzinsky's discharge. This testimony, as reported, was difficult for the court to understand, either because it was not well understood by the stenographer, or because it was not well reported. Therefore opportunity was given the objectors, at the time the case was heard on the application for discharge, to retake the testimony of Mr. Ward, so as to make it clear what he intended to testify. The decision of the court was held up for some time in order to allow this to be done, but, there seeming to be unnecessary delay, the court having the papers before it all the time, the matter was taken up and reconsidered as presented by the testimony then before the court, and an order entered overruling the objections and granting the discharge.

Some time after the discharge was granted the present motion to vacate the order granting the discharge was filed. This coming up for hearing, and satisfactory reason being given why the testimony of Mr. Ward had not been taken as directed by the court, he was heard to testify in open court. In this testimony he stated the facts upon which the objections to the discharge were based very clearly, and he may have made a case of obtaining goods from his firm by false representations in writing, the representations being made for the purpose of obtaining credit, although this testimony was denied by the bankrupt, who was also allowed to take the stand and testify in open court. Thus the case stands now.

[1, 2] I think it is unnecessary to decide the merits of this objection by the Ward-Truitt Company to the bankrupt's discharge. If the Ward-Truitt Company's debt against the bankrupt was created by the false statements and false representations of the bankrupt, the debt and the rights of the Ward-Truitt Company will not be affected by his discharge. Their rights are fully protected by section 17 of the Bankruptcy Act, which, it has been determined by the courts, is not in any way lessened by section 14, paragraph 3, of the act, which provides that a discharge will not be granted if the bankrupt has "obtained money or property on credit upon a materially false statement in writing, made by him to any person or his representative for the purpose of obtaining credit from such person." Comp. St. 1916, § 9598.

The important case on this subject is Talcott v. Friend, 179 Fed. 676, 103 C. C. A. 80, 43 L. R. A. (N. S.) 649, in which the Circuit Court of Appeals for the Seventh Circuit had the question before it as to whether such debts were discharged, even where the creditor had received his dividend and had come into court and objected to the bankrupt's discharge on the ground named and contained in section 14 of the Bankrupt Act. The third and fourth headnotes of this case decided by the Circuit Court of Appeals will show what was held. They are as follows:

"An action for deceit is not based on a rescission of the contract, but implies an affirmance and the proving of a claim in bankruptcy for the price of goods sold and delivered on a contract, and the receiving of dividends thereon is not a bar to a subsequent action by the creditor for deceit base on fraudulent representations inducing the sale.

"Neither the action of a creditor in opposing a bankrupt's discharge on the ground that he obtained credit on a materially false statement nor a finding by the court thereon, that the bankrupt had not been guilty of any act which

barred his right to a discharge under Bankr. Act July 1, 1898, c. 541, § 14b(3), 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), as amended by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 (U. S. Comp. St. Supp. 1909, p. 1310), is a bar to a subsequent action by the objecting creditor against the bankrupt for deceit based on the same false statement; the parties appearing in such action in a different capacity and the finding of the court not being necessarily determinative of the fact in issue in the second action."

This case was taken by certiorari to the Supreme Court of the United States and is reported in 228 U. S. 27, 33 Sup. Ct. 505, 57 L. Ed. 718, reported as Friend v. Talcott. What the Supreme Court decided, in a full opinion by the Chief Justice, so far as material here, also is shown by one of the headnotes to the case, which is as follows:

"A creditor, after unsuccessfully opposing a composition and a discharge in bankruptcy on the ground of fraud in creating a debt, accepted the dividend and then sued for the balance on the ground that the debt was excepted from the discharge. Held, that there was no waiver of the right to sue on the tort by accepting the dividend, nor was the granting of the discharge res judicata of the claim for the balance of the debt."

The objections of the Ward-Truitt Company are the only ones I consider material on the question of setting aside this discharge, and its rights not being affected in any way, or its remedy, by the granting of the discharge, it is unnecessary for that reason to vacate the same.

The application of the M. C. Kiser Company to come in as an objector, if the discharge is vacated, even if they could be heard in this matter, is not meritorious for the same reason. Their objection to the discharge is upon the ground that a statement was made to that company, and that it was false and in writing, and made for the purpose of obtaining credit of them, and upon the strength of which the bankrupt did obtain credit. So, if their objections were allowed, they would stand upon the same footing as that of the Ward-Truitt Company, and their rights would not be affected in any way by the granting of the discharge.

If deceit was practiced upon these creditors by the bankrupt by false statements in writing, made for the purpose of obtaining credit in the purchase of goods, which credit was allowed him and the goods purchased and delivered, the deceit thus practiced would be the basis of a right to recover, notwithstanding the discharge in bankruptcy. That being true, the result is what I have stated—that it is immaterial to them whether he obtains a discharge in bankruptcy or not. I am somewhat doubtful about the right under the act to revoke this discharge at all, but certainly the reasons I have given are sufficient as the case now stands.

The motion to set aside and vacate the discharge is overruled.