## LANGWA v. GORTON-PEW VESSELS CO.
### No. 2665.

Circuit Court of Appeals, First Circuit.
June 7, 1932.

Action by Peter B. Langwa, administrator of the estate of Leo J. Langwa, deceased, against the Gorton-Pew Vessels Company. From a judgment dismissing the action, plaintiff appeals.

Judgment vacated, and case remanded for trial.

A. F. Christiansen, of Boston, Mass., for appellant.

John J. Heffernan and Sawyer, Hardy, Stone & Morrison, all of Boston, Mass., for appellee.

Before BINGHAM and WILSON, Circuit Judges, and McLELLAN, District Judge.

BINGHAM, Circuit Judge.

This is an appeal from a judgment of the District Court of Massachusetts of November 19, 1931, directing an involuntary nonsuit or dismissal of the plaintiff's case. The action is a suit at law under section 33 of the Merchant Marine Act of Congress of June 5, 1920, c. 250, 41 Stat. 1007 (46 USCA § 688), amending section 20 of the act of March 4, 1915 (38 Stat. 1185), to recover for the death of the plaintiff's intestate, Leo J. Langwa. The amount involved is $20,000.

In the writ, issued April 17, 1931, the accident is alleged to have occurred on the 29th day of May, 1929, while the plaintiff's intestate was employed by the defendant as a seaman on its schooner the Georgia. It is not questioned but that the declaration states a cause of action and that the suit was seasonably brought. The answer is a general denial and that deceased was guilty of contributory negligence.

On November 10, 1931, the case was called for trial, a jury was drawn, and, plaintiff's counsel having finished his opening statement, the court ruled that the evidence recounted in the opening statement was insufficient, discharged the jury, and ordered the case dismissed, subject to plaintiff's exception. November 19, 1931, judgment was entered dismissing the action, from which this appeal is taken.

The errors complained of are to the action of the court: (1) In dismissing the plaintiff's case on the opening statement; (2) in refusing to allow him to introduce evidence in support of his case; and (3) in entering judgment on the order of dismissal.

In the view we take of the case we do not find it necessary to set out the declaration or state what plaintiff's counsel offered to prove in his opening statement. It is to be noted, however, that this is a jury case; that the amount involved is more than $20; that the right to a jury trial was not waived; and that the involuntary nonsuit or dismissal was ordered without the jury having participated in the disposition of the case by returning a verdict for the defendant at the direction of the court. And it may be said that, even in some state courts, where, at the close of plaintiff's evidence, the court has power to order an involuntary nonsuit and enter judgment for the defendant for insufficiency of the plaintiff's evidence, such power could not be exercised against the plaintiff's objection where he had not been allowed to introduce his evidence and where he had not agreed that his opening statement set forth all the evidence which he would be able to submit were he given an opportunity to introduce his evidence. See Ordway v. Railroad, 69 N. H. 429, 45 A. 243.

But with the method of jury trial in state courts in general we are not here concerned. The Seventh Amendment to the Constitution of the United States declares:

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

In the federal courts the rule is and has been since an early day that a nonsuit or dismissal for insufficiency of evidence cannot be granted without the plaintiff's consent. The reason for the rule, as given in the early decisions of the Supreme Court, was that the plaintiff had a right by law to a trial by a jury and to have the case submitted to them. Doe ex dem. Elmore v. Grymes, 1 Pet. 469, 7 L. Ed. 224; Crane v. Morris, 6 Pet. 598, 8 L. Ed. 514; Silsby v. Foote, 14 How. 218, 14 L. Ed: 394; Castle v. Bullard, 23 How. 172, 16 L. Ed. 424.

In Doe ex dem. Elmore v. Grymes, supra, the plaintiff having introduced his evidence, the defendant's counsel moved for a nonsuit on the ground that the evidence failed to sustain certain points essential to the plaintiff's case. The circuit court ordered a nonsuit to be entered against the objection of the plaintiff and he prosecuted a writ of error from the Supreme Court. In that court, in an opinion written by Chief Justice Marshall, it was said:

"The Court * * * is of opinion that the Circuit Court had no authority to order a peremptory nonsuit, against the will of the plaintiff. He had a right by law to a trial by a jury, and to have had the case submitted to them. He might agree to a nonsuit; but if he did not so choose, the Court could not compel him to submit to it."

The dissenting opinion in that case would seem to indicate that the rule laid down in the majority opinion was based on the plaintiff's constitutional right to a trial by jury, for the next to the last paragraph of the dissenting opinion undertakes to answer the constitutional objection, and that opinion also states that the practice in the states then constituting the Sixth Circuit was to grant involuntary nonsuits for insufficiency of the plaintiff's evidence and that the circuit courts in the Sixth Circuit had, acting under the Acts of 1789 and 1792 (1 Stat. 93, 276), adopted the practice existing in the states of. that circuit. See Act May 8, 1792, c. 36, § 2 (1 Stat. 276).

In Coughran v. Bigelow, 164 U. S. 301, 17 S. Ct. 117, 119, 41 L. Ed. 442, decided in 1896, an involuntary nonsuit had been ordered in the territorial court of Utah for insufficiency of the plaintiff's evidence. When the case reached the Supreme Court it was pointed out that the cases "which held that the circuit court of the United States had no authority to order peremptory nonsuits were based, not upon a constitutional right of a plaintiff to have the verdict of a jury, even if his evidence was insufficient to sustain his case, but upon the absence of authority, whether [either] statutory or by a rule promulgated by this court." But as, by the Conformity Act of 1872, re-enacted in section 914 of the Revised Statutes (28 US CA § 724), the courts of the United States are required to conform, in questions of "practice, pleadings, and forms and modes of proceeding" to those existing in the courts of the state in which the trial is had, and "as there was a statute of the territory of Utah authorizing courts to enter judgments of peremptory nonsuit, there was no error in the trial court in granting the motion for a nonsuit in the present case, nor in the judgment of the supreme court affirming such ruling, if, indeed, upon the entire evidence adduced by the plaintiffs, enough did not appear to sustain a verdict." The decision in that case was based largely on a like decision in Central Transportation Co. v. Pullman's

Palace Car Co., 139 U. S. 24, 38, 11 S. Ct. 478, 35 L. Ed. 55, decided in 1891; which also held that a compulsory judgment of nonsuit or dismissal for insufficiency of evidence was reviewable on appeal or writ of error at the plaintiff's instance. This decision did not expressly pass upon the constitutional question, but in the Coughran Case it was regarded as having done so.

In Slocum v. New York Life Insurance Co., 228 U. S. 364, 33 S. Ct. 523, 57 L. Ed. 879, decided in 1913, the court had under consideration the Seventh Amendment of the Constitution and entered upon an elaborate discussion of what the right of trial by jury as there granted consisted. At page 392 of 228 U. S., 33 S. Ct. 523, 534, Judge Van Devanter, writing the opinion of the court and speaking of the nature and use of a nonsuit at common law, said:

"A nonsuit at common law was a dismissal of the plaintiff's action *without an adjudication*, other than the *imposition of costs*, and constituted *no bar* to another action for the same cause. Originally granted where the plaintiff made default when his presence was required, or otherwise failed to proceed in due course, it came to be applied on the trial when, although actually present, he chose, in view of the state of his evidence, not to risk an adverse verdict. But unless he assented to being nonsuited on the evidence, it was essential that a verdict be taken, even although it was certain to be against him. In other words, such a nonsuit was always voluntary, and never compulsory." (Italics ours.)

And on page 394 of 228 U. S., 33 S. Ct. 523, 535, in commenting on the nature and effect of a compulsory nonsuit and the early decisions of the Supreme Court upon the question, it was said:

"The question whether a compulsory nonsuit could be ordered on the evidence was presented to this court in 1828 in Doe ex dem. Elmore v. Grymes, 1 Pet. 469, 7 L. Ed. 224, a case in which the circuit court, conceiving that the plaintiff's evidence was insufficient to sustain a verdict in his favor, had nonsuited him without his assent. Speaking for all the members of this court but one, Chief Justice Marshall disposed of the question by saying [page 471 of 1 Pet.]: 'The circuit court had no authority to order a peremptory nonsuit, against the will of the plaintiff. He had a right by law to a trial by a jury, and to have had the case submitted to them. He might agree to a nonsuit; but if he did not so choose, the court could not compel

him to submit to it.' The decision in that case was approved and reaffirmed in D'Wolf v. Rabaud, 1 Pet. 476, 497, 7 L. Ed. 227, 236; Crane v. Morris, 6 Pet. 598, 609, 8 L. Ed. 514, 518, where Mr. Justice Story said the point was no longer 'open for controversy;' Silsby v. Foote, 14 How. 218, 222, 14 L. Ed. 394, 396, and Castle v. Bullard, 23 How. 172, 183, 16 L. Ed. 424, 427."

And on the same page and page 397 of 228 U. S., 33 S. Ct. 523, it is pointed out that, under the Seventh Amendment, interpreted in the light of common-law rules in respect to nonsuits, a plaintiff has the right to have the verdict of the jury taken, and that a compulsory nonsuit for insufficiency of evidence, which looks to the arrest of the trial and a dismissal of the case, can be sustained, if at all, only where the law of the jurisdiction where the case is tried contemplates that such nonsuit shall leave the merits of the case undetermined and the plaintiff free to sue again for the same cause. And on pages 395, 396, and 397 of 228 U. S., 33 S. Ct. 523, 535, the court apparently questions the soundness of the conclusions reached in the Pullman's Palace Car Co. and the Coughran Cases, that the procedure authorized by the statute of Pennsylvania and the statute of Utah did not infringe the plaintiff's right to a jury trial under the Seventh Amendment, notwithstanding that, under those statutes and practice, the compulsory nonsuit did not determine the merits of the case and left the plaintiff free to bring another suit for the same cause. In speaking of these cases the court said:

"We come now to two decisions in this court which, although not involving the real question here, namely, the power of a Federal court to re-examine, otherwise than according to the rules of the common law, issues of fact which have been determined by the verdict of a jury, yet have such an indirect bearing thereon that they ought not to be passed unnoticed.

"In Central Transp. Co. v. Pullman's Palace Car Co., 139 U. S. 24, 38, 11 S. Ct. 478, 35 L. Ed. 55, 60, a case coming here from the eastern district of Pennsylvania, it appeared that on a trial to the circuit court and a jury the court, following a statute of the state, had entered a compulsory nonsuit which, according to the state law, terminated that suit, but was not an adjudication of the merits, or a bar to another suit on the same cause of action. This court, deeming it important to notice the question of its own jurisdiction, proceeded to inquire whether

such a judgment was subject to review on writ of error, and in the course of the inquiry expressed the opinion that the state statute established a practice or mode of procedure which the conformity provisions of the Federal statutes required the circuit court to follow. But it was stated that the question was 'not mentioned by counsel in argument,' and, as the opinion contains no reference to the right of trial by jury or to the 7th Amendment, it well may be that the bearing of the latter on the applicability of the state statute to the trial in the circuit court was not actually considered.

"The other case is Coughran v. Bigelow, 164 U. S. 301, 17 S. Ct. 117, 41 L. Ed. 442, which originated in a territorial court, where the 7th Amendment was applicable. On a trial by jury a compulsory nonsuit was entered according to a local statute, for an insufficiency in the plaintiff's evidence, without prejudice to his right to sue again, and when the case came here the judgment was affirmed, it being directly held that granting such a nonsuit does not infringe the constitutional right.

"Of these two cases it is to be observed: (1) Although they hold, one by implication and the other expressly, that the constitutional right of trial by jury is not invaded by a statute authorizing the court to enter a compulsory nonsuit against a plaintiff for an insufficiency in his evidence, when he is 'not thereby prevented from suing' again on the same cause of action, they neither hold nor suggest that, consistently with that right, the court can refuse to take the verdict of the jury, or disregard it when taken, and enter a binding judgment on the evidence. (2) Assuming, without so deciding, that they should be accepted and followed in respect of the particular matter to which they are addressed, that is, the granting of an involuntary nonsuit which leaves the merits unadjudicated, they afford no justification whatever for overruling or departing from the repeated decisions of this court, reaching back to the beginning of the last century, wherein it uniformly has been held (a) that we must look to the common law for a definition of the nature and extent of the right of trial by jury which the Constitution declares 'shall be preserved;' (b) that the right so preserved is the right to have the issues of fact presented by the pleadings tried by a jury of twelve, under the direction and superintendence of the court; (c) that the rendition of a verdict is of the substance of the right, because to dispense with a verdict is to eliminate the jury, which is no less a part of the tribunal charged with the trial than is the court; and (d) that when the issues have been so tried and a verdict rendered they cannot be re-examined otherwise than on a new trial granted by the court in which the first trial was had, or ordered by the appellate court for some error of law affecting the verdict."

But with the question whether a compulsory nonsuit violates a plaintiff's constitutional right to a jury trial under the Seventh Amendment in jurisdictions where, under a statute and the practice there existing, such nonsuit is authorized and it is provided that it shall not determine the merits of the case and shall leave the plaintiff free to bring another suit for the same cause, we are not concerned; for, in the state of Massachusetts, the district in which this suit was tried, there is no statute of the character above stated authorizing a compulsory nonsuit for insufficiency of evidence, and, according to the decisions of that state, no practice there exists authorizing its courts to order an involuntary nonsuit for insufficiency of evidence. In fact, it is there held that the plaintiff cannot be nonsuited against his consent. Marshall v. Merritt, 97 Mass. 516; Mitchell v. Marine Insurance Co., 6 Pick. (Mass.) 117. As the law of Massachusetts, statutory or otherwise, does not authorize a compulsory nonsuit for insufficiency of evidence, the Conformity Act, if given effect, would not aid the ruling of the District Court, for the rule of practice in Massachusetts is the same as the rule announced by Chief Justice Marshall in 1828 for the federal courts. Board of Commissioners of City and County of Denver v. Home Savings Bank (C. C. A.) 200 F. 28, 35. It follows, therefore, that the District Judge, if the plaintiff had been permitted to submit his evidence, would have been without power to order a compulsory nonsuit for insufficiency of the evidence. But in this case it must be recalled that the plaintiff was not even permitted to introduce his evidence.

For these reasons, the judgment of the District Court is vacated, and the case is remanded to that court for trial; costs in this court to the appellant.